IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case Number: 4:19-cv-167

| | |
|---|---|
| SKYLINE RESTORATION, INC., *as assignee of* FIRST BAPTIST CHURCH OF LUMBERTON, NORTH CAROLINA,<br><br>   Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY,<br><br>   Defendant. | **COMPLAINT** |

Skyline Restoration, Inc., as assignee of First Baptist Church of Lumberton, North Carolina, complaining of the Defendant Church Mutual Insurance Company, alleges and says as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1. This is an insurance coverage action seeking a declaration of the rights of the parties under an insurance contract issued by Defendant Church Mutual Insurance Company ("Church Mutual") for damages incurred and repairs made in connection with Hurricane Matthew on or about October 7, 2016. Correspondingly, damages are sought for breach of the insurance contract and for treble damages from Church Mutual for violating the Unfair Claim Settlement Practices of N.C. Gen. Stat. §58-63-15(11), as implemented by Chapter 75 of the North Carolina General Statutes.

## PARTIES

2. Plaintiff Skyline Restoration, Inc. ("Skyline" or "Plaintiff") is a mitigation and remediation contractor with a principal office located in Blue Island, Illinois, and is engaged in the nationwide business of restoration of buildings, real estate, facilities, and structures that have been damaged following floods, fires, tornadoes, and other major catastrophic events.

3. First Baptist Church of Lumberton, North Carolina is a North Carolina non-profit corporation with its corporate and principal office in Lumberton, Robeson County, North Carolina.

4. Defendant Church Mutual is a foreign insurance company domiciled in Wisconsin with its principal place of business located in Merrill, Wisconsin, and which is duly authorized by the North Carolina Department of Insurance to conduct business in North Carolina.

5. At all times pertinent hereto, Church Mutual has been involved in the issuance, marketing, selling, and delivery of insurance policies in North Carolina, including policies insuring property, lives, and interests in North Carolina as described in N.C. Gen. Stat. §58-3-1.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff and Defendant.

7. Venue is proper in the Eastern District of North Carolina, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claims at issue occurred in this district and the property that is the subject of the action is situated is in this district.

## STATEMENT OF FACTS

8. First Baptist Church of Lumberton, North Carolina (hereinafter "First Baptist") owns property used for religious worship and other purposes in Lumberton, Robeson County, North Carolina.

9. On October 7, 2016, with the landfall of Hurricane Matthew, Lumberton, North Carolina experienced extensive flooding, along with high winds and rain.

10. First Baptist experienced flooding, wind, and water damage in several of its buildings.

11. First Baptist engaged Skyline to perform emergency services to its Lumberton, North Carolina buildings (the "Project").

12. On October 17, 2016, Skyline inspected the Project with representatives of First Baptist.

13. On October 18, 2016, Skyline and First Baptist entered into a contract to provide emergency remediation and mitigation services. The contract provides pricing lists for all work to be completed during the Project.

14. Skyline commenced work soon after entering into the contract for the Project with First Baptist.

15. Skyline performed its work consistent with the contract and its pricing lists provided to First Baptist when it first inspected the Project, and consistent with industry standards for professional water damage restoration as well as FEMA guidelines.

16. Skyline's last day on the Project was December 15, 2016.

17. On December 14, 2016, Skyline issued invoices to First Baptist for the work it

performed pursuant to its contract for the Project for a sum in excess of $75,000.00, for which it has not been paid.

18. On February 16, 2017, Skyline timely filed a claim of lien against First Baptist for non-payment pursuant to Chapter 44A of the North Carolina General Statutes.

19. Skyline timely perfected its claim of lien against First Baptist by filing suit pursuant to Chapter 44A of the North Carolina General Statutes.

20. At the time of Hurricane Matthew, the physical structures of First Baptist were insured by Church Mutual pursuant to a policy of insurance bearing policy number 0045802-02-912110 and a policy period of August 1, 2016, to August 1, 2019 (hereinafter "the Church Mutual Policy").

21. Upon information and belief, First Baptist submitted a Notice of Loss and Proof of Claim to Church Mutual under the Church Mutual Policy on or about October 15, 2016.

22. Church Mutual assigned a claim number of 1300484 for this loss and on October 24, 2016, sent an adjuster to First Baptist to inspect the loss.

23. On November 28, 2016, Church Mutual wrote to First Baptist, accepting as covered a portion of the claim, contending another portion of the claim as uncovered, and advising First Baptist as follows:

> *Please remember that you are responsible for mitigating your damages, regardless of coverage, and protecting your property from further damage. This includes water mitigation and the prevention of mold/fungal growth. Failure to do this could potentially affect coverage for this and future claims. Please note the following from your policy of insurance:*
>
> **A Series Policy**
> 3. Duties in the Event of Loss or Damage.
> a. You must see that the following are done in the event of loss or damage to Covered Property:
>    (4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect

4

the Covered Property for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss that is not a Covered Cause of Loss.

24. On February 13, 2017, Church Mutual wrote another letter to First Baptist, contending that there was no coverage under the Church Mutual Policy for an insured building's dislodged ceiling joist pursuant to an investigative report prepared by Rimkus Consulting Group.

25. On August 30, 2018, First Baptist filed a Chapter 11 Voluntary Petition with the United States Bankruptcy Court for the Eastern District of North Carolina under Case No.: 18-04313-5-DMW ("the bankruptcy proceeding").

26. Skyline is a duly scheduled creditor with a contract claim against First Baptist arising out of the Project. Skyline's claim is secured by a perfected claim of lien against First Baptist's real estate located at 504 West 2nd Street in Lumberton, North Carolina, which is insured by the Church Mutual Policy.

27. On April 4, 2019, First Baptist again submitted proof of claim documentation to Church Mutual for work performed by Skyline, none of which has been paid to date.

28. Skyline has submitted direct claims to Church Mutual for sums expended and invoiced for the Project without receiving any response from Church Mutual.

29. Furthermore, Church Mutual was provided notice of a Motion for Turnover in the bankruptcy proceeding and never provided any response to said motion.

30. Pursuant to Skyline's contract with First Baptist for the Project, First Baptist assigned all insurance proceeds to Skyline and agreed to hold the insurance proceeds in trust for Skyline's benefit up to the policy coverage limits, or the full cost of services, whichever was less.

31. On September 9, 2019, First Baptist filed an adversary proceeding against

5

Skyline within their bankruptcy proceeding.

32. First Baptist, as a part of its resolution of its adversary proceeding against Skyline, will further assign to Skyline any and all claims against any policies of insurance that may provide payments for work performed by Skyline.

33. The property of First Baptist insured by Church Mutual under the Church Mutual Policy is comprised of multiple buildings, each carrying building and personal property coverage.

34. Upon information and belief, the Church Mutual Policy provides that Church Mutual "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations Page caused by or resulting from any Covered Cause of Loss. Covered Property, as used in this Coverage Form, means your buildings and personal property … for which a Limit of Insurance is shown in the Declarations Page."

35. The damages sustained were insured under the terms of the Church Mutual Policy, were the result of a Covered Cause of Loss, and were not excluded under the terms of the Church Mutual Policy.

36. All conditions precedent to payment were satisfied by First Baptist, and pursuant to the terms of the Church Mutual Policy, Church Mutual is bound to pay for physical loss and damage to First Baptist's covered property, including expenses incurred to preserve property, remove debris, and protect the Covered Property from further damage.

37. This action is brought within all applicable statutes of limitation and statutes of repose.

### FIRST CLAIM FOR RELIEF – Declaratory Judgment

38. The preceding allegations are incorporated herein by reference.

39. This action is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202 - the Federal Declaratory Judgment Act, seeking a declaration of the rights, obligations, and responsibilities of the parties under the Church Mutual Policy, Skyline's contract for the Project, and the assignment by First Baptist of its rights as an insured and policyholder under the Church Mutual Policy.

40. Under the Church Mutual Policy, Church Mutual is obligated to reimburse First Baptist or pay on First Baptist's behalf for direct physical loss of or damage to Covered Property at premises insured by the Church Mutual Policy caused by or resulting from any Covered Cause of Loss.

41. Further, under the Church Mutual Policy, Church Mutual is obligated to reimburse First Baptist or pay on First Baptist's behalf for reasonable steps taken to protect the Covered Property from further damage following a loss.

42. First Baptist fulfilled its duty under the Church Mutual Policy in the event of a loss when it hired Skyline to perform emergency mitigation and remediation services for the Covered Property.

43. First Baptist has submitted to Church Mutual the expenses billed to it by Skyline in Skyline's performance of emergency mitigation and remediation services.

44. Pursuant to its contract for the Project, First Baptist assigned to Skyline "all its rights, title and interest in and to all money accounts, proceeds, receipts and all other sums for reimbursement of services performed by [Skyline] that are due or received from [First Baptist's] insurance carrier."

45. Also pursuant to its contract for the Project, First Baptist authorized Skyline

"to receive payments from the insurance carrier directly" and appointed Skyline "as attorney in fact to act in the name of [First Baptist] to ask, demand, collect and receive all sums of money, interest, supplemental payments or reimbursement due".

46. First Baptist's assignment to Skyline was valid and enforceable under both North Carolina and Illinois law.

47. Church Mutual has failed and refused to pay to Skyline, or reimburse First Baptist, for expenses incurred by First Baptist in First Baptist's performance of its responsibilities under the Church Mutual Policy to take reasonable steps to protect the Covered Property from further damage following a loss.

48. Hurricane Matthew not only caused extensive flooding in Lumberton, North Carolina, but also produced wind gusts capable of causing and which caused damage to Covered Property insured under the Church Mutual Policy.

49. Covered property under the Church Mutual Policy sustained wind damage that led to further physical loss and damage.

50. As a result of the wind damage sustained by covered property under the Church Mutual Policy, Skyline performed work under the Project and submitted invoices to First Baptist for sums in excess of $75,000.00.

51. An actual controversy of a justiciable nature currently exists between and among Skyline and Church Mutual concerning Church Mutual's failure to pay to Skyline the amounts invoiced to First Baptist for emergency mitigation and remediation services for the Project.

52. The issuance of declaratory relief by this Court is necessary and appropriate at

this time under the circumstances alleged and will terminate some or all of the existing controversy among the parties.

53. Pursuant to 28 U.S.C. § 2201, *et seq*. and Fed. R. Civ. P. 57, Skyline seeks a judicial declaration by this Court of the obligation of Church Mutual to pay Skyline, as the lawful assignee of First Baptist, for expenses and costs incurred for emergency mitigation and remediation services provided by Skyline to protect the Covered Property from further damage following a Covered Cause of Loss under the Church Mutual Policy.

## **SECOND CLAIM FOR RELIEF – Breach of Contract**

54. The preceding allegations are incorporated herein by reference.

55. Under the terms of the Church Mutual Policy, Church Mutual had a duty to promptly investigate any reported claim of loss to any Covered Property.

56. Under the terms of the Church Mutual Policy, Church Mutual had a duty to reimburse First Baptist or make payment directly to Skyline for emergency mitigation and remediation services provided by Skyline to protect the Covered Property from further damage following a Covered Cause of Loss under the Church Mutual Policy.

57. First Baptist secured emergency mitigation and remediation services from Skyline after Covered Property under the Church Mutual Policy sustained severe wind damage following Hurricane Matthew.

58. Skyline, pursuant to its contract and a formal assignment, is the assignee of First Baptist under the Church Mutual Policy, and Church Mutual is obligated to acknowledge the rights of Skyline to receive payment out of the insurance proceeds for emergency mitigation and remediation services provided to protect the Covered Property under the Church Mutual Policy from further damage following a Covered Cause of Loss.

59. Church Mutual has failed to pay to Skyline or reimburse to First Baptist the expenses and costs incurred for repairs and for the emergency mitigation and remediation services provided to protect the Covered Property under the Church Mutual Policy from further damage following a Covered Cause of Loss, thereby breaching its contractual obligation to First Baptist and by assignment, Skyline.

60. As a result of this breach of contract, Church Mutual has deprived First Baptist and by assignment, Skyline, of the benefits of the Church Mutual Policy for which Church Mutual has received a substantial premium.

61. Because of Church Mutual's breach of its insurance contract, First Baptist, and by assignment, Skyline, has incurred damages in excess of $75,000.00.

**THIRD CLAIM FOR RELIEF – Unfair Claims Settlement Practices**

62. The preceding allegations are incorporated herein by reference.

63. N.C. Gen. Stat. §75-1.1 provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

64. N.C. Gen. Stat. §58-63-15 (the "Unfair Claims Act") provides, in pertinent part and among other things, that the "following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance":

   a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   b. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

c. Compelling the insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured; and

d. Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage.

65. N.C. Gen. Stat. §58-63-1 of the North Carolina General Statutes provides that the "purpose of this Article," including the Unfair Claims Act set forth in N.C. Gen. Stat. §58-63-15, "is to regulate trade practices in the business of insurance in accordance with the intent of Congress expressed in the Act of Congress of March 9, 1945 (Public Law 15, 79th Congress) [the McCarran-Ferguson Act], by defining, or providing for the determination of, all such practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined."

66. The North Carolina Supreme Court has held that an insurance company that engages in an act or practice that violates one or more of the unfair claim settlement practices set forth in N.C. Gen. Stat. §58-63-15 also engages in conduct that violates N.C. Gen. Stat. §75-1.1 as a matter of law, without the necessity of an additional showing of frequency indicating a "general business practice."

67. Church Mutual violated the Unfair Claims Act by:

a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

11

    b. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

    c. Compelling Skyline, as the assignee of First Baptist, to institute litigation to recover amounts due under an insurance policy by offering nothing or substantially less than the amounts ultimately recovered in actions brought by such insured;

    d. Failing to provide any response to Skyline's submission of claims for the Project or the Motion for Turnover filed in the bankruptcy proceeding; and

    e. Failing to promptly settle claims where liability has become reasonably clear.

68. First Baptist sustained wind damage to its Covered Property during Hurricane Matthew and that wind damage allowed moisture intrusion into the Covered Property insured by the Church Mutual Policy.

69. The extent of the damage to the Covered Property insured by the Church Mutual Policy caused by wind during Hurricane Matthew was limited by the emergency mitigation and remediation services provided because First Baptist took steps to protect the Covered Property in performance of its obligations under the Church Mutual Policy.

70. Skyline performed the services for First Baptist almost three years ago and Church Mutual has still not stated whether they will accept and provide coverage to First Baptist for the emergency mitigation and remediation services provided by Skyline.

71. Church Mutual has not provided any justification for its failure to promptly

12

investigate and affirm or deny coverage of claims within a reasonable time after proof-of-loss statements were submitted.

72. Because of Church Mutual's unreasonable delay in affirming or denying coverage after First Baptist submitted proof-of-loss to Covered Property under the Church Mutual Policy, Skyline, as assignee of First Baptist, had to file suit to recover amounts due under the Church Mutual Policy.

73. For each of the foregoing reasons, as well as others based on information and belief, Church Mutual has engaged in acts and practices that constitute unfair claim settlement practices in violation of N.C. Gen. Stat. §58-63-15.

74. The Church Mutual Policy is a contract involving and affecting commerce, and the acts and practices of Church Mutual with regard to their evaluation of First Baptist's claims for coverage in this action involve and affect commerce.

75. Skyline, as assignee of First Baptist, has suffered and continues to suffer damages as a direct and proximate result of Church Mutual's acts and conduct described in this Count, including, among other things, its legal fees and expenses incurred to pursue coverage under the Church Mutual Policy.

76. Pursuant to N.C. Gen. Stat. §75-16, Skyline, as assignee of First Baptist, is entitled to recover treble damages from Church Mutual, as well as its reasonable attorneys' fees incurred in bringing this action.

WHEREFORE, Plaintiff respectfully prays the Court that:

1. Skyline have a trial by jury on all claims so triable;

2. The Court enter a judgment that the emergency mitigation and remediation costs incurred by First Baptist are covered under the Church Mutual Policy;

3. The Court enter a judgment in favor of Skyline on its claim for breach of contract;

4. The Court enter a judgment in favor of Skyline on its third claim for relief, plus treble damages and reasonable attorneys' fees, costs, and expenses incurred in bringing this action pursuant to N.C. Gen. Stat. §§75-16 and 75-16.1;

5. All costs of this action, including reasonable attorneys' fees, be awarded to Plaintiff;

6. Prejudgment interest be assessed against Defendant; and

7. Plaintiff have such other and further relief as the Court may deem just and proper.

This the 22nd day of November, 2019

BAILEY & DIXON, LLP

By: /s/ David S. Coats
    David S. Coats, N.C. State Bar No. 16162
    Email: dcoats@bdixon.com
By: /s/ J.T. Crook
    J.T. Crook, N.C. State Bar No. 35232
    Email: jcrook@bidxon.com
Post Office Box 1351
Raleigh, North Carolina 27602
Telephone: (919) 828-0731
Facsimile: (919) 828-6592

AND

By: /s/ Gregory P. Chocklett
Gregory P. Chocklett,
N.C. State Bar No. 12623
Email: gchocklett@chocklettlaw.com
Law Offices of Gregory P. Chocklett
711 Harvey Street
Raleigh, North Carolina 27608-2403
Telephone: (919) 856-0100
Facsimile: (919) 856-0799