IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-232-BO

SKYLINE RESTORATION, INC., as )
assignee of FIRST BAPTIST CHURCH )
OF LUMBERTON, NORTH CAROLINA, )
 )
    Plaintiff, )
 )
v. )     O R D E R
 )
CHURCH MUTUAL INSURANCE )
COMPANY, )
 )
    Defendant. )

This cause comes before the Court on defendant's motion to dismiss [DE 16] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion [DE 16] is GRANTED.

## BACKGROUND

Several buildings of First Baptist Church of Lumberton ("First Baptist") experienced flooding, wind, and water damage during Hurricane Matthew on October 7, 2016. On October 18, 2016, First Baptist contracted with Skyline Restoration, Inc. for emergency remediation and mitigation services. Skyline completed its work on December 16, 2016. Skyline timely filed and perfected a lien against First Baptist in the event of non-payment.

At the time of Hurricane Matthew, the physical structures of First Baptist were insured by Church Mutual Insurance. First Baptist submitted a notice of loss and proof of claim to Church Mutual on October 15, 2016. On November 28, 2016, Church Mutual wrote to First Baptist, accepting as covered a portion of the claim while contending another portion of the claim was uncovered.

On August 30, 2018, First Baptist filed a Chapter 11 petition in this district. Skyline is a duly scheduled creditor with a contract claim against First Baptist. On April 4, 2019, First Baptist again submitted proof of claim documentation to Church Mutual for work performed by Skyline, which had not been paid. Additionally, Skyline submitted claims directly to Church Mutual for its work but never received a response.

Under their contract, First Baptist assigned all insurance proceeds to Skyline. On September 9, 2019, First Baptist filed an adversary proceeding against Skyline within the bankruptcy proceeding. First Baptist, as a part of its resolution of its adversary proceeding against Skyline, further assigned to Skyline any and all claims against any policies of insurance that may provide payments for work performed by Skyline.

On November 22, 2019, Skyline filed this suit against Church Mutual seeking, as First Baptist's assignee, to collect the remaining insurance money it alleges is owed by Church Mutual. In addition to seeking a declaration of rights under the contract (Count I), Skyline brings claims for breach of contract (Count II) and unfair business practices (Count III).

Church Mutual now moves to dismiss the suit, arguing that Counts I and II are time barred and Count III is unassignable. The motion is briefed and is ripe for disposition.

## DISCUSSION

In North Carolina, the statute of limitations for breach of contract is three years. N.C. Gen. Stat. § 1–52(1). This limitation begins to run at the date of notice of breach. *Ludlum v. State*, 227 N.C. App. 92, 94 (2013). But there is a separate three-year statute of limitations for certain insurance policies, which begins to run from the date the loss accrued. *See* N.C. Gen. Stat. §§ 1-52(2), 58-44-16(18). Although the operative code section, § 58-44-16, seems to pertain to fire insurance policies, North Carolina courts apply the more restrictive statute of

2

limitation even when fire is not the source of damage. *See Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 251 (2006) (applying § 1–52(12) to damage from a ruptured sewer line). Moreover, § 1–52(16) provides that a three-year statute of limitations for physical damage to a claimant's property accrues from the date that damage becomes apparent.

With these provisions in mind, the Court concludes that the three-year statute of limitations for claims against Church Mutual for its alleged failure to pay began in October 2016. *See Quillen v. Allstate Corp.*, 2014 WL 6604897, at *3 (W.D.N.C. Nov. 20, 2014). Accordingly, Skyline's claims arising from the insurance contract—Counts I and II—are time barred because the complaint was not filed until November 2019.

First Baptist's bankruptcy did not toll this deadline. Although 11 U.S.C. § 108 extends the deadline by which a trustee can bring the debtor's claims, the provision does not extend the deadline for an assignee. *U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 259 (5th Cir. 1991). "The purpose of section 108(a) dictates the conclusion that its rights extend only to trustees and debtors-in-possession, and not to creditors. This is so because both trustees and debtors-in-possession have a fiduciary obligation to all the creditors of the bankrupt." *Id.* at 260 (internal quotations omitted). Skyline has identified no other applicable tolling provision, and as a mere assignee of First Baptist, § 108 does not extend the applicable statute of limitations.

Finally, Count III must be dismissed because "claims for unfair and deceptive trade practices under N.C. Gen. Stat. section 75–1.1 are not assignable." *Horton v. New S. Ins. Co.*, 122 N.C. App. 265, 268 (1996). Skyline argues it suffered from unfair practices separate from its position as assignee. This argument fails for two reasons. First, the only factual allegation supporting this independent injury theory is one sentence stating that it submitted claims directly

to Church Mutual and received no response. This does not plausibly state a claim for unfair business practices. Second, "North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices[.]" *Craven v. Demidovich*, 172 N.C. App. 340, 341–42 (2005).

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 16] is GRANTED. The Clerk is DIRECTED to close the case.

So ORDERED, this __14__ day of April, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE